UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUSSEX FINANCIAL ENTERPRISES, INC., | ) ) ) | Case No. 08-4791 SC |
| Plaintiff, | ) ) | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |
| vs. | ) ) | COMPLAINT |
| BAYERISCHE HYPO-UND VEREINSBANK AG, a/k/a HYPOVEREINSBANK; HVB RISK MANAGEMENT PRODUCTS, INC.; HVB U.S. FINANCE, INC., f/k/a HVB STRUCTURED FINANCE, INC.; and DOES 1-100, inclusive, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## I.   INTRODUCTION

This matter comes before the Court on the Motion for Leave to Amend Complaint ("Motion") filed by Plaintiff Sussex Financial Enterprises, Inc. ("Plaintiff" or "Sussex").  Docket No. 38. Plaintiff attached to the Motion a copy of the proposed First Amended Complaint ("Proposed FAC").  Id. Ex. A.  Defendants Bayerische Hypo-Und Vereinsbank AG, HVB Risk Management Products, Inc. and HVB U.S. Finance, Inc. (collectively, "Defendants" or "HVB") filed an Opposition and Plaintiff submitted a Reply. Docket Nos. 44, 46.  For the reasons stated herein, the Motion is GRANTED.

///

///

United States District Court
For the Northern District of California

**II.   BACKGROUND**

According to the Complaint, this action concerns a finance program known as Custom Adjustable Rate Debt transactions, or "CARDS."  Docket No. 1 ("Compl.") ¶ 6.  Under the program, Defendants loaned money to limited liability companies, and clients of Sussex subsequently became jointly and severally liable on the loans in return for receiving fifteen percent of the loan. Id.  Sussex received investment banking fees from the CARDS transactions, and Sussex paid Defendants loan origination fees.[1] Id.  Participation in the transactions was supposed to result in tax benefits for the clients.   Id. ¶ 9.  In order for the clients to receive those tax benefits, the loans were supposed to be set up and funded in separate accounts in the year in which the loans were made, and all parties to the loans had to have the intent of renewing the loans for thirty (30) years.   Id. ¶¶ 11, 15.

According to Sussex, Defendants failed to set up the loans in separate accounts in the year in which they were made, and falsely represented that they had done so.   Id. ¶¶ 16-17.  Sussex learned of these false representations when Defendants entered into a Plea Bargain/Deferred Prosecution Agreement with the U.S. Department of Justice.   Id. ¶ 17.  Defendants did not renew some of the loans after the first reset period.   Id. ¶ 18.  Sussex alleges that when Defendants entered into the loans, Defendants did not have the intent to renew the loans.   Id. ¶ 18.

In the Complaint, Sussex asserts two causes of action: (1)

---

[1]   Sussex Financial Enterprises, Inc., was formerly known as Chenery Associates, Inc.  Compl. ¶ 3.

United States District Court
For the Northern District of California

fraud for failing to properly fund the loans; and (2) fraud for failing to have the intent to renew the loans. Id. ¶¶ 26-35. Sussex seeks leave to add a third cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, et seq. Mot. at 3.

**III. LEGAL STANDARD**

With leave of the court, a party may amend its pleadings, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy should be applied with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). However, district courts may deny amendments that would cause undue prejudice to the defendant, that are sought in bad faith, that are futile, or that would cause undue delay. Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999). Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed. Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003)

**IV. DISCUSSION**

Sussex seeks leave to file the Proposed FAC adding a RICO cause of action. The Complaint in this case was filed on October 17, 2008, and Defendants answered on January 5, 2009. See Compl.; Docket No. 10 ("Answer"). The discovery cut-off date is December 31, 2009, and the case is set for trial on August 2, 2010. See Docket No. 17. Therefore, granting leave to amend will not cause

3

**United States District Court**
For the Northern District of California

1  undue delay or prejudice Defendants, and there is nothing to

2  suggest bad faith.

3      Defendants contend the proposed amendments would be futile

4  because (1) adding a RICO cause of action is barred by section 107

5  of the Private Securities Litigation Reform Act ("PSLRA"), Pub. L.

6  No. 104-67, 109 Stat. 737, 758 (1995), which amended the RICO

7  statute to eliminate securities fraud as a predicate act upon

8  which to base a RICO claim; and (2) the Proposed FAC fails to

9  plead the RICO cause of action with the requisite particularity.

10  Opp'n at 2.

11      As amended by the PSLRA, the RICO statute provides that "no

12  person may rely upon any conduct that would have been actionable

13  as fraud in the purchase or sale of securities to establish a

14  violation of [the RICO statute]." 18 U.S.C. § 1964(c).  The Ninth

15  Circuit has dismissed RICO claims in tax shelter cases that are

16  based upon acts that are actionable as securities fraud.  Swartz

17  v. KPMG LLP, 476 F.3d 756, 761 (9th Cir. 2007).  Here, both the

18  Complaint and the Proposed FAC focus on the CARDS program.  See

19  Compl. ¶¶ 6-25; Proposed FAC ¶¶ 6-25.  It is not clear to the

20  Court that the CARDS program involved the purchase or sale of

21  securities.  At this particular stage of the proceedings, the

22  Court is not persuaded that the proposed amendment is futile due

23  to the PSLRA.

24      Defendants contend the Proposed FAC fails to plead the RICO

25  cause of action with the requisite particularity.  Opp'n at 5.

26  The particularity requirement must be followed in RICO actions

27  alleging the predicate act of mail fraud.  Lancaster Cmty. Hosp.

28

<u>v. Antelope Valley Hosp. Dist.</u>, 940 F.2d 397, 405 (9th Cir. 1991).
A plaintiff satisfies the particularity requirement if it
identifies "the circumstances constituting fraud so that the
defendant can prepare an adequate answer from the allegations."
<u>Semegen v. Weidner</u>, 780 F.2d 727, 735 (9th Cir. 1985)(citations
omitted).  Here, the Court finds that HVB can prepare an adequate
response to the RICO cause of action based on the allegations in
the Proposed FAC relating to HVB's allegedly fraudulent
involvement in the CARDS program.  <u>See</u> Proposed FAC ¶¶ 6-25.  At
this particular stage of the proceedings, the Court is not
persuaded that the proposed amendment is futile due to a failure
to plead the RICO cause of action with the requisite
particularity.

**V.   <u>CONCLUSION</u>**

    For the reasons stated above, the Court GRANTS Plaintiff's
Motion for Leave to Amend Complaint.  The Proposed FAC must be
filed within thirty (30) days of this Order.


    IT IS SO ORDERED.


    Dated: July 1, 2009

                                        _____
                                        UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

5