IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| John Rezner, | NO. C 06-02064 JW <br> NO. C 08-03479 SC |
| Plaintiff, <br> v. | **ORDER DENYING ADMINISTRATIVE MOTION TO RELATE CASES AND TRANSFER** |
| Bayerische Hypo-Und Vereinsbank AG, et al., | |
| Defendant. | |

Presently before the Court is Sussex Financial Enterprises' ("Sussex") Administrative Motion to Consider Whether Cases Should Be Related and to Transfer <u>Sussex v. HVB</u> to Judge James Ware. (hereafter, "Motion," Docket Item No. 443.) Sussex seeks the Court's determination as to whether <u>Sussex Financial Enterprises v. Byerische Hypo-Und Vereinsbank AG (HVB)</u> ("Sussex Action"), Case No. C 08-4791, presently before Judge Conti, should be related to <u>Gustashaw v. HVB</u> ("Gustashaw Action"), Case No. C 08-3479, and this case ("Rezner Action").

Sussex contends that all three cases concern the same defendant, HVB, and the same transaction, participation in an investment program known as Custom Adjustable Rate Debt transactions ("CARDS"), and are thus related cases within the definition provided by Civil Local Rule 3-12(a). (Motion at 3.)

Civil Local Rule 3-12(a) provides:

An action is related to another action when:

(1) The actions concern substantially the same parties, property, transaction or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

Civil Local Rule 3-12(b) provides:

Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the earliest-filed case an Administrative Motion to Consider Whether Cases Should Be Related, pursuant to Civil L.R. 7-11.

Here, the Gustashaw Action is stayed pending mediation,[1] and the Rezner Action has been closed and is on appeal.[2] Thus, it does not appear to the Court that there will be unduly burdensome duplication of labor and expense if the Sussex Action remains with Judge Conti. Furthermore, the Complaint in the Sussex action was filed on October 17, 2008,[3] but Sussex did not file its Motion seeking to relate cases until October 5, 2009. Since Sussex was at one time a defendant in both the Gustashaw Action and the Rezner Action, Sussex must have been aware of the pendency of these actions prior to filing the Sussex Action, which Sussex does not deny. (See Reply to Opposition to Transfer at 1-2, hereafter, "Reply," Docket Item No. 447.) Sussex further admits that it brought these actions to the attention of its attorney in April 2009. Sussex's counsel's admitted ignorance of the Civil Local Rules of this Court with regard to relating cases does not excuse the delay in filing its Motion. (Reply at 2.) The unjustified lapse of nearly a year before Sussex sought to relate cases does not meet the requirement under the Civil Local Rules that a motion to relate cases must be filed promptly. See Civ. L.R. 3-12(b).

---

[1] (See Joint Stipulation and Order Re Stay and Allowing for Alternative Dispute Resolution, Case No. C 08-3479, Docket Item No. 56.)

[2] (See Order Granting in Part and Denying in Part Defendant's Motion to Stay Enforcement of Stipulated Judgment, Docket Item No. 435.)

[3] (Declaration of Trevor J. Welch in Opposition to Motion to Transfer Sussex v. HVB to James Ware ¶ 11, hereafter, "Welch Decl.," Docket Item No. 446.)

2

Also weighing against relating the cases is the length of time that the Sussex Action has already been pending in Judge Conti's Court. Over a year into the litigation, discovery is well underway, and Judge Conti has already issued a lengthy order dismissing the First Amended Complaint for failure to plead fraud with particularity.[4] In light of the significant time and energy Judge Conti has already invested in the case, the Court finds that judicial economy is better served with the Sussex Action staying with Judge Conti.

The Court further notes that Sussex sought to relate cases only weeks after Judge Conti issued his order dismissing Plaintiff's First Amended Complaint on September 24, 2009. (See Welch Decl. ¶ 19.) Sussex's attempt to transfer its case so soon after receiving an adverse ruling from Judge Conti has at least the appearance of judge shopping, which also weighs heavily against relating the cases.

Accordingly, the Court DENIES Sussex's Administrative Motion to Consider Whether Cases Should Be Related and to Transfer.

Dated: October 23, 2009

JAMES WARE
United States District Judge

---

[4] (Order Granting Motion to Dismiss, Welch Decl., Ex. G.)

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Allen Ruby ruby@allenrubylaw.com
Allyson Stacy Taketa ataketa@fulbright.com
Christopher Casey John McNamara cmcnamara@kasowitz.com
Jennifer Lee Jonak jenny@jonak.com
Joseph Hanho Park jpark@fulbright.com
Mark P. Ressler mressler@kasowitz.com
Melissa Mac Pherson mmacpherson@fulbright.com
Michelle Lee Landry mlandry@kasowitz.com
Ronald R. Rossi rrossi@kasowitz.com
Steven J. Brady bradydesk@aol.com
Tarifa B Laddon tladdon@fulbright.com
William M. Goodman wgoodman@kasowitz.com
William M. Lukens wlukens@lukenslaw.com

**Dated: October 23, 2009**     **Richard W. Wieking, Clerk**

**By:  /s/ JW Chambers**
    **Elizabeth Garcia**
    **Courtroom Deputy**