1

2

3          IN THE UNITED STATES DISTRICT COURT

4        FOR THE NORTHERN DISTRICT OF CALIFORNIA

5   SUSSEX FINANCIAL ENTERPRISES,      )  Case No. 08-4791 SC
    INC.,                              )
6                                      )
                                       )  ORDER DENYING PLAINTIFF'S
7              Plaintiff,              )  OBJECTIONS TO MAGISTRATE'S
                                       )  ORDER; GRANTING IN PART
8         v.                           )  DEFENDANTS' MOTION FOR
                                       )  RELIEF FROM THE STATUS
9   BAYERISCHE HYPO-UND VEREINSBANK    )  CONFERENCE ORDER
    AG, et al.,                        )
10                                     )
                                       )
11             Defendants.             )
                                       )
12  _____   )

13      Now before the Court is Plaintiff's Objection to a discovery

14  order entered by a magistrate in this matter -- the second such

15  objection filed by Plaintiff in less than a month.  Docket No. 171

16  ("Objection").  By an Order dated March 2, 2010, the magistrate to

17  whom all discovery matters have been assigned granted Defendants'

18  motion to compel two further depositions, and to require Plaintiff

19  to produce documents related to its finances and tax information.

20  Docket No. 170 ("Magistrate's Order").

21      Also before the Court is Defendants' Motion for Relief from

22  the Status Conference Order ("Motion"), Docket No. 172, to which

23  Plaintiff has filed an Opposition, Docket No. 178.  Having

24  considered all of the papers submitted by both parties, this Court

25  concludes that the issues presented by Plaintiff's Objection and

26  Defendants' Motion are appropriate for determination without oral

27  argument.

28

1    As to Plaintiff's Objection, the Court AFFIRMS the

2  Magistrate's Order and adopts it in full.  The Magistrate's Order

3  fairly and persuasively explains the relevance of the material that

4  Defendants seek to compel, and the role that it could plausibly

5  play in establishing a defense to Plaintiff's claims.  Because

6  Plaintiff is claiming that it was innocent and unaware of the fraud

7  that it alleges Defendants were perpetrating upon Plaintiff and its

8  clients, Plaintiff's tax information and the tax information of its

9  two sole shareholders is highly probative as to whether Plaintiff

10  was aware of the admittedly wrongful activity at the time it

11  occurred.

12    Plaintiff's Objection is based on legal arguments that this

13  Court finds spurious.  For example, Plaintiff argues that this

14  Court lacks original jurisdiction in this matter, and assumes

15  jurisdiction solely on the basis of the parties' diversity.

16  Objection at 2-3.  However, as noted in the Magistrate's Order,

17  this Court has original jurisdiction based upon Plaintiff's RICO

18  claims.  Plaintiff cites case law that establishes that such claims

19  "may" be heard in state court as well as federal court, however

20  this is simply not a reasonable basis for arguing that a federal

21  court does not have original jurisdiction over RICO claims,

22  especially where RICO's provisions explicitly state that any

23  aggrieved party "may sue therefor in any appropriate United States

24  district court . . . ."  18 U.S.C. § 1964(c).  The existence of

25  concurrent jurisdiction by the state courts does not destroy

26  original jurisdiction in this Court.

27    Similarly, Plaintiff presents novel arguments, not presented

28  to the magistrate, that state law should control this discovery

dispute because "Defendant's discovery was directed to Plaintiff's state law fraud claims." Objection at 4. Even if this Court were to entertain this argument, Plaintiff is incorrect in that its RICO questions are invariably intertwined with its fraud-based claims. Plaintiff is seeking treble damages that are ultimately premised upon these state law claims, as predicates to its RICO claim, and this Court cannot reasonably discount federal law in reaching the discovery issues that surround them.

The Court is therefore convinced that the Magistrate's Order was correct in its reasoning and conclusion. The Court is also persuaded that counsel for Plaintiff was not faultless in its delay in providing the contested information, and it concludes that there would be no harm in allowing the parties additional time to prepare their summary judgment motions in light of the new evidence that Defendants seek. For this reason, the final hearing date for motions is extended to June 25, 2010. All motions must be filed in accordance with Civil Local Rule 7-2. However, this Court is not persuaded that this development warrants further delay in the previously established trial date. All other dates, including the final deadline for trial briefs and pretrial statements, the pretrial conference, and the trial date of August 2, 2010, remain undisturbed by this Order. Defendants' Motion to Shorten Time, Docket No. 174, is DENIED as moot.

IT IS SO ORDERED.


Dated: March 17, 2010

_____
UNITED STATES DISTRICT JUDGE

3